# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**EMPLOYERS INSURANCE COMPANY
OF WAUSAU,**

Plaintiff,

v.                                            **Case No.  8:07-cv-1099-T-30EAJ**

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA AND UNDERWRITERS
AT LLOYD'S LONDON,**

Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Wausau's Motion for Partial Summary Judgment on the Defendants' Duty to Defend (Dkt. #25), Defendant Underwriters at Lloyd's London's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment on the Defendants' Duty to Defend (Dkt. #29), Defendant National Union's Response to Wausau's Motion for Partial Summary Judgment on Defendants' Duty to Defend and Incorporated Memorandum of Law (Dkt. #35), Defendant Underwriters at Lloyd's London's Motion for Partial Summary Judgment on issue of Franchise Agreement Qualifying as An Insured Contract Under Lloyd's Policy (Dkt. #38), Defendant National Union's Response to Defendant Lloyd's Motion for Partial Summary Judgement (Dkt. #44), and Plaintiff's Response in Opposition to Lloyd's Motion for Partial Summary Judgment (Dkt. #45).  The Court, having considered the motions, responses, memoranda, exhibits, and

being otherwise advised in the premises, concludes that: (1) Plaintiff's Motion for Partial Summary Judgment should be granted in part and denied in part as stated herein, and (2) Defendant Lloyd's Motion for Partial Summary Judgment should be denied as moot as stated herein.

## Background.

Underlying litigation.

Plaintiff, Employers Insurance Company of Wausau ("Wausau" or "Plaintiff"), brings a declaratory judgment action against Defendants, National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), and Underwriters At Lloyd's London ("Lloyd's"), seeking a declaration of rights under certain insurance policies and for monetary damages for reimbursement due from co-insurers. The issues in this case concern injuries allegedly sustained by Sarah Louie in a near drowning accident at the Comfort Inn & Suites Hotel ("Comfort Inn" or "Franchisee") located in St. Petersburg, Florida on January 4, 2004. Comfort Inn is a franchisee of Choice Hotels International, Inc. ("Choice Hotels" or "Franchisor").

On March 1, 2006, Sarah Louie's Chapter 7 Bankruptcy Trustee (the "Trustee") filed an action in the Southern District of New York (the "New York Action") against Comfort Inn and Choice Hotels. On March 13, 2006, Choice Hotels tendered the claim directly to Comfort Inn, and requested that Comfort Inn forward the complaint to Comfort Inn's insurance carrier. Choice Hotels also requested that Comfort Inn forward a copy of its certificate of insurance to Choice Hotels. On March 15, 2006, Wausau also tendered the

defense and indemnification of the lawsuit to Comfort Inn. On June 8, 2006, Wausau received a Certificate of Liability issued by Brier Grieves Agency, Inc. to Choice Hotels, as Certificate Holder, which states that AIG (National Union's parent) is the insurer on Comfort Inn's policy with National Union.[1]  On June 9, 2006, Wausau tendered the defense and indemnification of Choice Hotels directly to National Union's parent, AIG.  AIG did not respond to Wausau's tender.

On June 21, 2006, Choice Hotels' legal counsel was advised by Comfort Inn's legal counsel that the tender of defense and indemnification to Lloyd's should be addressed to Markel Underwriting Management, Inc. ("Markel").  On July 11, 2006, Wausau tendered the defense and indemnification of the claim to Markel.  On July 14, 2006, Markel rejected Wausau's tender.

In January and February of 2007, the Southern District of New York dismissed the New York Action against Comfort Inn and Choice Hotels for lack of long-arm jurisdiction. On May 15, 2007, the Trustee filed an identical complaint in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 07-4512-CI-08 (the "Underlying State Court Action")[2] against Comfort Inn and Choice Hotels, among other parties.  The Underlying State Court Action alleges a claim against Comfort Inn based on negligence and a claim against Choice Hotels based on vicarious liability.

Franchise Agreement.

---

[1] Dkt. #1-6.

[2] Dkt. #25-16.

On August 29, 2003, Comfort Inn and Choice Hotels entered into a Choice Hotels International, Inc. Franchise Agreement (the "Franchise Agreement").[3]  Pursuant to the Franchise Agreement, Comfort Inn agreed to purchase and maintain insurance protecting Comfort Inn, as an Insured, and Choice Hotels, as an Additional Insured, from and against all types of liabilities, including personal injury, together with the costs and expenses of defense.[4]  Comfort Inn purchased the following insurance policies: (1) Policy No. EBU 2957495, with a policy period of August 29, 2003 to August 29, 2004 (the "National Union Policy")[5]; and (2) Policy No. BUS1142, with a policy period from August 29, 2003 to August 29, 2004 (the "Lloyd's Policy")[6].

The Franchise Agreement also contains an indemnity clause which states, in pertinent part:

> 13.  **Indemnification.**  You must defend, indemnify and hold harmless us, our affiliates and subsidiaries, our and their respective officers, directors, agents and employees (the "Indemnified Parties") from any claim, loss, cost, damage, expense and liability (a "Claim"), including reasonable attorneys' fees (whether or not a lawsuit has been filed) and any court costs, resulting from any damage or loss, including personal injury, of any nature, connected with the Hotel construction or operation, or any facilities that are managed by others in the Hotel, or out of, or as a result of, your (or your agent's or employee's) error, omission, act or failure, even where negligence of an Indemnified Party is alleged, except to the extent that the loss, costs, damage, expense or

---

[3] Dkt. #25-3 and 4.

[4] *See* Section 12 of the Franchise Agreement entitled "Insurance", Dkt. #25-3 and 4.

[5] Dkt.#1-2.

[6] Dkt.#1-3.

liability is proximately caused by the negligence of an Indemnified Party. The amount of our contribution will be calculated by applying principles of comparative negligence where a Claim was jointly caused by your negligence and our negligence. You must reimburse us for all amounts we reasonably spend, including attorneys' fees and court costs, to protect the Indemnified Parties from, or to remedy, your defaults under this Agreement or claims arising out of your operation of the Hotel. We will have the sole and exclusive control (including the right to be represented by attorneys of our choosing) over the defense of any Claims against an Indemnified Party and over their settlement, compromise or other disposition.[7]

The Wausau Policy.

Choice Hotels maintains an insurance policy with Wausau (the "Wausau Policy")[8], however, Comfort Inn is not named as an additional insured in the Wausau Policy. Wausau claims that National Union and Lloyd's owe Choice Hotels the duty to defend and indemnify and that their policies are primary to Wausau's policy insuring Choice Hotels. Further, Wausau seeks reimbursement of attorney's fees and costs that it has incurred on behalf of Choice Hotels as a result of Defendants' refusal to defend Choice Hotels in the Underlying State Court Action.

**Summary Judgment Standard**.

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact does not exist unless there is

---

[7] Dkt. #25-3.

[8] Dkts. #25-6 through 13.

sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, the court views all evidence in the light most favorable to the party opposing the motion. *Harris v. H & W Contracting Co.*, 102 F.3d 516, 519 (11th Cir. 1996). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. If the movant meets this burden, the burden then shifts to the nonmoving party to establish that a genuine dispute of material fact exists. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

## Discussion.

### I.     Duty to Defend.

The issue before the Court at this time is limited to whether Defendants owe Choice Hotels a duty to defend. In this diversity action, Florida's substantive law governs the interpretation of the commercial general liability policies at issue. *Provau v. State Farm Mut. Auto Ins. Co.*, 772 F.2d 817 (11th Cir. 1985) (federal court hearing diversity action must apply the controlling substantive law of the state, and construction of insurance contracts is governed by substantive state law).

Under Florida law, a court may issue a declaratory judgment as to an insurer's duty to defend and duty to indemnify. *Higgins v. State Farm Fire & Casualty Co.*, 894 So.2d 5,

9 (Fla. 2004).  A liability insurer's duty to defend third-party claims against its insured is distinct from, and broader than, its duty to indemnify.  *Travelers Indem. Co. Of Illinois v. Royal Oak Enterprises, Inc.*, 344 F.Supp.2d 1358, 1365 (M.D. Fla. 2004).  Florida courts have held that an insurer's duty to defend arises when a complaint filed against an insured alleges facts within the scope of the policy's coverage.  *Trizec Properties, Inc. v. Biltmore Construction Co., Inc.*, 767 F.2d 810, 811 (11th Cir. 1985).  Doubts as to whether a duty to defend exists are resolved in favor of the insured, and exclusionary clauses in insurance contracts are to be construed liberally in favor of the insured.  *Id*. at 12.  The insurer's duty to defend is not affected by the merits of the third party's claim or the likelihood that the claim will ultimately be successful; an insured is entitled to a defense by its insurer against even the most frivolous suit, so long as it describes an occurrence within coverage.  *Burton v. State Farm Mut. Auto. Ins. Co.*, 335 F.2d 317, 323 (5th Cir. 1964); *State Farm Fire & Cas. Co. v. Tippett*, 864 So.2d 31 (Fla. 4th DCA 2003).

It is undisputed that Choice Hotels was listed as an "additional insured" under the National Union Policy.  There is a dispute as to whether Choice Hotels is an "additional insured" under the Lloyd's Policy.  From a review of the complaint filed in the Underlying State Court Action, it is apparent that the complaint alleges facts relating to the bodily injury of a guest staying at the Comfort Inn while swimming in Comfort Inn's pool.  Choice Hotels

is being sued solely on a theory of vicarious liability as the Franchisor associated with

Comfort Inn.[9]

### A.    The National Union Policy.

The National Union Policy is an umbrella policy with a general aggregate policy limit

of $2 million.  The National Union Policy states, in pertinent part:

I.    Coverage

We will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay by reason of liability imposed by law or assumed by the Insured under an Insured Contract because of Bodily Injury, Property Damage, Personal Injury or Advertising Injury that takes place during the Policy Period and is caused by an Occurrence happening anywhere in the world. . . .

* * *

II.    Defense

A.    We shall have the right and duty to defend any claim or suit seeking damages covered by the terms and conditions of this policy when:

1.    The applicable Limits of Insurance of the underlying policies listed in the Schedule of Underlying Insurance and the Limits of Insurance of any other underlying insurance providing coverage to the Insured have been

---

[9] Defendant National Union argues that in the Underlying State Court Action Plaintiff alleges that Choice Hotels was actively negligent.  The Court has reviewed the complaint filed in the Underlying State Court Action and has determined that Plaintiff's claims against Choice Hotels are limited to a claim of vicarious liability.  Plaintiff's incorporation of paragraph 14 referencing Choice Hotels' quality inspection of Comfort Inn's pool does not support a separate action for negligence against Choice Hotels.  Additionally, National Union argues that Choice Hotel's cross-claim for contribution against Comfort Inn "admits negligence as a joint tortfeasor" and bars Choice Hotels from seeking indemnity from Comfort Inn.  While Choice Hotel's inclusion of a contribution cross-claim against Comfort Inn appears to be ill advised, such inclusion is not an admission of active negligence.  Finally, the Court notes that no party has claimed that Choice Hotels was actively negligent.

exhausted by payment of claims to which this policy applies; or

2. Damages are sought for Bodily Injury, Property Damage, Personal Injury or Advertising Injury covered by this policy but not covered by any underlying insurance listed in the Schedule of Underlying Insurance or any other underlying insurance providing coverage to the Insured.

* * *

IV. Definitions

* * *

E. Insured means each of the following, to the extent set forth:

* * *

7. Any person, organization, trustee or estate to whom you are obligated by a written Insured Contract to provide insurance such as is afforded by this policy but only with respect to:

a. liability arising out of operations conducted by you or on your behalf; or

b. facilities owned or used by you.

* * *

F. Insured Contract means any oral or written contract or agreement entered into by you and pertaining to your business under which you assume the tort liability of another to pay for Bodily Injury, Property Damage, Personal Injury or Advertising Injury to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

* * *

VI. Conditions

* * *

J. Other Insurance

If other valid and collectible insurance applies to a loss that is also covered by this policy, this policy will apply excess of the other insurance. However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

* * *

## SCHEDULE OF UNDERLYING INSURANCE

TYPE OF POLICY
OR COVERAGE                              LIMITS
GENERAL LIABILITY                        $1,000,000
                                         EACH OCCURRENCE
                                         $2,000,000
                                         GENERAL AGGREGATE
                                         $1,000,000
                                         PRODUCT/C. OPS. AGGREGATE
                                              * * *

From a review of the National Union Policy, it is apparent that the policy covers the

occurrence in question (the near-drowning of a hotel guest) as well as insured contracts

assuming the tort liability of another (such as the Franchise Agreement).  Furthermore, the

Certificate of Liability Insurance issued by AIG specifically lists Choice Hotels as an

additional insured in regard to liability coverage.  Thus, the Court concludes that National

Union does owe Choice Hotels a duty to defend.[10]

**B.      The Lloyd's Policy.**

The Lloyd's Policy is a commercial general liability policy with an each occurrence

limit of $1 million, a general aggregate limit of $2 million, and a products-completed

operations aggregate limit of $1 million.  Such coverage specifically meets the type of policy

coverage listed in the Schedule of Underlying Insurance incorporated within the National

Union Policy.  The Lloyd's Policy states, in pertinent part:

1.      Insuring Agreement.
        a.      We will pay those sums that the insured becomes legally
                obligated to pay as damages because of "bodily injury" or
                "property damage" to which this insurance applies.  We will

---

[10] When that duty begins is not resolved in this Order because it is unnecessary to do so.

have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. [11]

* * *

2.      Exclusions.

This insurance does not apply to:

* * *

b.      Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1)      That the insured would have in the absence of the contract or agreement; or

(2)      Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

(a)      Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)      Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applied are alleged.

---

[11] MKL 01 Endorsement, Section o) Amendment of Insuring Agreement - Known Injury or Damage CG 0057 (09/99).

* * *

The definition of "insured contract" in the DEFINITIONS Section is replaced by the following:

"Insured contract" means:

    a.    A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

    b.    A sidetrack agreement;

    c.    Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    d.    An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    e.    An elevator maintenance agreement.[12]

* * *

## 1.    Comfort Inn is liable to Choice Hotels under a theory of common law indemnity.

"Common law indemnity is an equitable remedy that arises out of obligations imposed through special relationships, but contractual indemnity is not concerned with 'special relationships' or vicarious, constructive, derivative or technical liability; it is concerned with the express terms of the agreement to indemnify." *Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.*, 853 So.2d 1072, 1077 (Fla. 5th DCA 2003); *see also Houdaille Indus., Inc. v. Edwards*, 374 So.2d 490 (Fla. 1979).  In cases involving contractual indemnity, the terms of the agreement will determine whether the indemnitor is obligated to reimburse the indemnitee for a particular claim. *Id.*  Common law indemnity requires that the party seeking

---

[12] MKL 01 Endorsement, Section p) Contractual Liability Limitation CG 2193 (10/93).

indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. *See Rosenberg v. Cape Coral Plumbing, Inc.*, 920 So.2d 61, 65 (Fla. 2d DCA 2005). Common law indemnity usually allows passively negligent tortfeasors to recover from actively negligent tortfeasors. *See Budget Rent-A-Car Systems, Inc. v. State Farm Mutual Automobile Insurance Company*, 727 So.2d 287, 289 (Fla. 2d DCA 1999).[13]

Plaintiff argues, in the alternative, that the Lloyd's Policy excepts from the exclusion (and therefore covers) liability for "bodily injury" damages "that the insured would have in the absence of the contract or agreement," such as liability for common law indemnity.[14]

In Count II of the Underlying State Court Action, Choice Hotels is being sued solely under a theory of vicarious liability based upon an apparent agency between Choice Hotels and Comfort Inn.[15] The allegations contained in the Underlying State Court Action do not allege that Choice Hotels was actively negligent. The complaint does allege, however, that Comfort Inn was actively negligent.

---

[13] There is a two-part test to prevail on a claim for indemnity under the common law of Florida. "First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault." *Foley v. Luster,* 249 F.3d 1281, 1288 (11th Cir. 2001)*, citing Dade County Sch. Bd. v. Radio Station WQBA*, 731 So.2d 638, 642 (Fla. 1999).

[14] Although Plaintiff has made an argument that Comfort Inn may be liable to Choice Hotels for common law indemnity, the Court notes that Choice Hotels has not included a claim for common law indemnity in its cross-claim against Comfort Inn within the Underlying State Court Action.

[15] Paragraph 34 of the Complaint in the Underlying State Court Action alleges: "[a]t the time of January 4, 2004, near drowning incident involving Sarah Louie, the employees and representatives of Comfort Inn were also the agents, apparent agents or employees of Choice Hotels."

It is apparent that the Lloyd's Policy covers the occurrence in question (the near-drowning of a hotel guest) as to the insured (Comfort Inn). The issue, of course, is whether the policy also covers the cost of the defense of Choice Hotels.[16] The way the Lloyd's Policy is written, it covers contractual liabilities assumed by Comfort Inn unless excluded (otherwise there would be no need for the exclusion section for certain contractual liabilities). Comfort Inn's contractual liability to Choice Hotels is not excluded because it meets an exception to the exclusion (and is therefore covered) in paragraph 2b(1): "[t]his exclusion does not apply to liability for damages . . .[t]hat the insured would have in the absence of the contract or agreement." Even in the absence of the agreement to indemnify in the Franchise Agreement, Comfort Inn would still owe a duty of indemnification to Choice Hotels under common law indemnity.

Such indemnification damages would include Choice Hotels' reasonable attorney's fees and costs. "Under Florida law, an indemnitee is entitled to indemnification not only for the judgment entered against it, but also for attorney's fees and court costs." *Hiller Group, Inc. v. Redwing Carriers, Inc.*, 779 So.2d 602, 604 (Fla. 2d DCA 2001) (appellate court found that indemnitee was entitled to reasonable attorney's fees and court costs as part of indemnification damages even in the absence of a written indemnity contract or prevailing party fee provision). Thus, Lloyd's is ultimately responsible for all damages incurred by Comfort Inn within the Underlying State Court Action, including all indemnity damages that

---

[16] It appears Comfort Inn overlooked adding Choice Hotels as an additional insured under Lloyd's policy, and did so only in National Union's umbrella policy which was designed to be excess over Lloyd's policy.

Comfort Inn will owe to Choice Hotels (Choice Hotels' costs, damages, expenses, liability, reasonable attorney's fees, and court costs resulting from the Underlying State Court Action).

As discussed above, Florida courts have held that an insurer's duty to defend arises when a complaint filed against an insured alleges facts within the scope of the policy's coverage. *Trizec*, 767 F.2d 810, 811. Doubts as to whether a duty to defend exists are resolved in favor of the insured, and exclusionary clauses in insurance contracts are to be construed liberally in favor of the insured. *Id.* Since the exceptions to the exclusions found in the Lloyd's Policy cover the costs of Choice Hotels' attorney's fees and costs but do not specifically exclude Lloyd's duty to defend, this Court finds that such doubts as to whether a duty to defend exists should be resolved in favor of the insured. Accordingly, the Court concludes that the Lloyd's Policy covers the cost of the defense of Choice Hotels because its insured Comfort Inn is responsible for those expenses under common law indemnity. Lloyd's may pay for such defense by having one law firm represent both Comfort Inn and Choice Hotels (unless such firm demonstrates a conflict in representing both), or pay for a separate defense for Choice Hotels.[17]

---

[17] Wausau's counsel argues that an obligation to pay defense costs should be equated with a duty to defend. In support of such argument, Wausau's counsel cites language from an opinion by the Fifth District Court of Appeal of Florida in *Continental Casualty Company v. City of South Daytona*, 807 So.2d 91, 93 (Fla. 5th DCA 2002). The appellate court in *Continental* stated, in pertinent part: "We agree with the City that the agreement with the Little League shifted exposure from the City's own liability carrier to the Little League's liability carrier, and that the primary obligation to defend the City for an action arising out of the Little League's use of the City's Facilities was with Continental." *Continental*, 807 So.2d at 93. The appellate court then affirmed the trial court's award of attorney's fees and costs to the City and its insured. *See id.*

Although in its discussion the appellate court utilizes the words "primary obligation to
(continued...)

2.      **Franchise Agreement as an insured contract under the Lloyd's Policy.**

Since the Court has found that coverage exists under Section I, Subsection 2, Paragraph b(1) of the Lloyd's Policy (CG 00 01 01 96), it is not necessary for this Court to make a determination as to whether the Franchise Agreement should be considered a "license agreement" as contemplated by the definition of an "insured contract".   Accordingly, the Court declines to consider this issue and denies Defendant's motion for partial summary judgment as moot.

## II.      **Primary and Excess Coverage.**

There are two levels of insurance coverage, primary and excess.  "Primary coverage" exists where, under the terms of the policy, liability attaches immediately upon the happening of the occurrence that gives rise to liability.   Excess or secondary coverage exists where, under the terms of the policy, liability attaches only after a predetermined amount of primary coverage has been exhausted.   *St. Paul Fire and Marine Insurance Co. v. Lexington Insurance Co.*, 2006 WL 1295408, *4 (S.D. Fla. April 4, 2006); *see also King v. Guaranty Nat. Ins. Co.*, 440 So.2d 607 (Fla. 3d DCA 1983).

---

[17](...continued)
defend", considered in its entirety, the opinion does not reflect an intention by the court to impose a duty to defend upon a party whenever an obligation to pay for defense costs and expenses arises. Rather, the appellate court appears to infer that Continental had the primary obligation as the Little League's insurer to pay for the City's defense fees and costs.  Similarly, this Court has concluded that Lloyd's is primarily responsible as Comfort Inn's insurer for the attorneys fees and costs incurred by Wausau on behalf of Choice Hotels' within the Underlying State Court Action.  Thus, this Court's conclusions herein are consistent with the results in *Continental* without equating an "obligation to pay" to a duty to defend.

The Lloyd's Policy indicates that it is intended to be the "primary insurance"[18] and the National Union Policy indicates that the Lloyd's Policy is intended to be the "underlying insurance."[19]   Accordingly, the Lloyd's Policy is primary to the National Union Policy in regard to Comfort Inn's potential liability and damages incurred in the Underlying State Court Action.

## III.   Other Insurance Clauses.

Most insurance policies contain "other insurance" clauses that attempt to limit the insurer's liability to the extent that the other insurance covers the same risk.  Such clauses attempt to control the manner in which each insurer contributes to or shares a covered loss. *St. Paul Fire*, 2006 WL 1295408, *4; *see generally Twin City Fire Ins. Co. v. Fireman's Fund Ins. Co.*, 386 F.Supp.2d 1272 (S.D. Fla. 2005).

"As a general proposition, where each of two liability insurance policies issued by different carriers provides primary coverage to the same insured and the policies contain mutually consistent 'other insurance' provisions similar to those found in the policies at issue here, the insurer paying more than its share of the claim is ordinarily entitled to recover from the other insurer for the excess so paid."  *St. Paul Fire* at *4.  However, this general rule is subject to an exception where a right of indemnification exists between the parties insured under the respective policies of insurance, especially where (as here) one of the policies happens to cover the indemnity obligation.  *See id.*  In this circumstance, a clear majority of

---

[18] MKL 01 Endorsement, Section l) Other Insurance - Excess Coverage.

[19] *See* Dkt. #1-2, National Union Policy, Schedule of Underlying Insurance.

jurisdictions give controlling effect to the indemnity obligation of one insured to the other insured over the "other insurance" or similar clauses in the policies of insurance.  *See id*; *see also American Indemnity Lloyds v. Travelers Property & Casualty Ins.*, 335 F.3d 429 (5th Cir. 2003), citing 15 Couch on Insurance (3d Ed. 1999); *J. Walters Construction Co. v. Gilman Paper Co.*, 620 So.2d 219 (Fla. 1st DCA 1993); *see e.g. Continental Casualty Co. v. City of South Daytona Florida*, 807 So.2d 91 (Fla. 5th DCA 2002) (little league association's specific and contractual obligation of indemnification in favor of city shifted entire exposure of loss from city's own liability insurer to association's liability insurer, such that association's insurer had primary obligation to defend city in tort action arising out of use of association's use of city facilities).[20]

The National Union Policy states, in pertinent part:

VI.   Conditions

* * *

J.   Other Insurance

If other valid and collectible insurance applies to a loss that is also covered by this policy, this policy will apply excess of the other insurance.  However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

The Wausau Policy states, in pertinent part:

4.   Other Insurance

---

[20] The Florida Supreme Court has indicated that an "other insurance" clause in a policy of liability insurance may be disregarded where indemnity agreements lie between different insureds, provided that the insurer of the vicariously liable party is in fact entitled to indemnity.  *See Allstate Ins. v. Fowler*, 480 So.2d 1287 (Fla. 1985).

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a.      Primary Insurance

        This insurance is primary except when b. below applies.  If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in c. below.

b.      Excess Insurance

        This insurance is excess over:

                                    * * *

        (2)     Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

        When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.[21]
                                    * * *

Choice Hotels was added as an additional insured to the National Union Policy.  It is clear that the indemnity clause contained within the Franchise Agreement favors Choice Hotels.  It is also clear that the occurrence at issue is covered by the National Union Policy and National Union owes Choice Hotels a duty to defend.  Accordingly, the Court concludes that the indemnity clause contained within the Franchise Agreement favoring Choice Hotels

---

[21] Dkts. #25-6 through 25-13, p.15 of Form CG 00 01 10 01.

renders the coverage of the Wausau Policy "excess" to that of the National Union Policy.[22]

Furthermore, since the franchisee, Comfort Inn, is not an additional insured in the Wausau Policy, it is clear that such policy was maintained for Choice Hotel's benefit only and was intended to be in excess to the National Union Policy.  Accordingly, the Court concludes that the National Union Policy is excess to the Lloyd's Policy, but primary to the Wausau Policy.

## IV.     Damages Flowing from Breach of Duty to Defend.

The law is well established that when an insurer unjustifiably refuses to defend its insured, the insurer is liable to the insured for the reasonable attorney's fees and other expenses incurred in defending the action brought by the third party as damages for the breach of contract.  *Florida Insurance Guaranty Association, Inc. v. All the Way With Bill Vernay, Inc.*, 864 So.2d 1126, 1129 (Fla. 2d DCA 2003), citing *Thomas v. W. World Ins. Co.*, 343 So.2d 1298, 1303 n. 3 (Fla. 2d DCA 1977); *see also MCO Envtl., Inc. v. Agric. Excess & Surplus Ins. Co.*, 689 So.2d 1114, 1116 (Fla. 3d DCA 1997) (holding that if an insurance company breaches its contractual duty to defend, the insured is entitled to the damages that flow from that breach, including attorney's fees and costs incurred in defending the underlying action); *Continental Cas. Co. v. City of South Daytona*, 807 So.2d 91, 93 (Fla. 5th DCA 2002) (insurer's failure to defend city, as the indemnitee or the additional insured, entitled city to a recovery of reasonable attorney's fees incurred in the defense of the claim).

---

[22] *See Allstate Ins. Co. v. Fowler*, 480 So.2d 1287 (Fla. 1985) (insurer of party who is only vicariously liable and entitled to indemnity is entitled to follow insurer of actively negligent party, despite fact that insurance policy issued to active tortfeasor contained "other insurance" clause.)

An indemnitee is entitled to recover legal expenses as a part of its damages.  *See Florida Patient's Compensation Fund v. Miller*, 436 So.2d 932, 933 (Fla. 3d DCA 1983).  An indemnitee's insurer is also entitled to recover those expenses. *See Snider v. Continental Ins. Co.*, 519 So.2d 12, 13 (Fla. 1st DCA 1987).

As discussed above, the Court has concluded that Lloyd's and National Union owe Choice Hotels a duty to defend.  Accordingly, Lloyd's, as the primary insurer, is subject to pay all damages that foreseeably flow from the breach of its duty to defend, including attorneys fees and other expenses incurred by Plaintiff on behalf of Choice Hotels.  Upon exhaustion of the Lloyd's Policy limits, National Union shall be subject to pay all damages that foreseeably flow from the breach of its duty to defend, including attorneys fees and other expenses incurred by Plaintiff on behalf of Choice Hotels.

## Conclusion.

While the pleadings before the Court primarily concern Defendants' duty to defend Choice Hotels in the Underlying State Court Action, this Court's analysis necessarily included a discussion of Defendants' duty to indemnify Choice Hotels.  Within such analysis, this Court has determined that coverage exists under the Lloyd's Policy (as the primary policy) and National Union Policy (as the excess policy) for indemnity damages incurred by Choice Hotels within the Underlying State Court Action.  Accordingly, the Court has considered all pending issues in this matter and concludes that summary judgment should be entered in Plaintiff's favor with respect to the defense and coverage of Choice Hotels within the Underlying State Court Action.

Plaintiff has not yet offered affidavits in support of fees, costs or expenses incurred by Plaintiff in the defense of Choice Hotels within the Underlying State Court Action. Thus, the Court is unable to ascertain the reasonableness of Plaintiff's defense costs at this time.

It is therefore ORDERED AND ADJUDGED that:

1.   Plaintiff Wausau's Motion for Partial Summary Judgment on the Defendants' Duty to Defend (Dkt. #25) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2.   Defendant, Underwriters at Lloyd's London's Motion for Partial Summary Judgment on issue of Franchise Agreement Qualifying as An Insured Contract Under Lloyd's Policy (Dkt. #38) is **DENIED AS MOOT** as stated herein.

3.   Defendant, National Union Fire Insurance Company of Pittsburgh, P.A.'s, Motion to Stay Pending Resolution of Underlying State Court Proceeding and Incorporated Memorandum of Law(Dkt. #50) is **DENIED**.

4.   The Clerk is directed to enter **JUDGMENT** in favor of Plaintiff and against Defendants.

5.   The Clerk is also directed to **CLOSE** this case and terminate any pending motions.

6.   The Court reserves jurisdiction in order to determine fees and costs incurred by Plaintiff on behalf of Choice Hotels within the Underlying State Court Action.

7.     If the Parties are unable to resolve fees and costs, Plaintiff may file affidavits

in support of fees and costs incurred on behalf of Choice Hotels within twenty

(20) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record
S:\Odd\2007\07-cv-1099.cross mpsj 25 and 38.wpd